IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**DARIUS J. JOVE,**

    **Defendant.**

Case No. 3:20-CR-30081-NJR-1

## ORDER

**ROSENSTENGEL, Chief Judge:**

    Now before the Court is Defendant Darius J. Love's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 46). Love requests a reduction under both the "zero-point" offender and "status points" provisions of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (*Id.*).

    In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice sentence now receives one status point instead of two status points. A defendant who has six or less criminal history points and who committed the offense of conviction while under any criminal justice sentence now receives no status points. *See* U.S.S.G. § 1B1.10(e)(2). Under Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve specified aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1.

Here, Love requests relief under both Part A and Part B of Amendment 821, but he is not entitled to a sentence reduction under either prong.

With regard to Part A, Love was assessed two status points at sentencing because he committed the instant offense while serving a term of parole, for a total criminal history score of 19. That score placed Love within Criminal History Category VI. (Doc. 22). Under U.S.S.G. § 4A1.1(e), Love would now receive only one status point instead of two, resulting in a total criminal history score of 18. However, any score over 13 results in a Criminal History Category of VI. Therefore, even if one status point were removed from Love's criminal history score, he still remains in Criminal History Category VI, and he is not entitled to any sentence reduction. As to Part B, Love is not a zero-point offender (as he has 18 criminal history points), so he does not qualify for a sentence reduction under that prong either.

Because Love is not entitled to a sentence under either Part A or Part B of Amendment 821, his *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 46) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  August 20, 2024

                                                                                    _____
                                                                                    **NANCY J. ROSENSTENGEL**
                                                                                    **Chief U.S. District Judge**